UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES G. WEBB,

    Plaintiff,                                                Civil Action No. 19-CV-12528

vs.                                                         HON. BERNARD A. FRIEDMAN

JOHN J. SLOSSON, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT CITY OF PONTIAC'S MOTION TO DISMISS

This matter is presently before the Court on the motion of defendant City of Pontiac to dismiss [docket entry 18]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

Plaintiff alleges that in June 2018 he was ticketed by a sheriff's deputy, defendant John Slosson, for violating the City of Pontiac's noise ordinance 58-203.[1] According to the citation, a copy of which is attached to the complaint as Exhibit 4, plaintiff's car was parked at a gas station "with song Fuck the Police with extremely high volume while other customers

---

[1] This ordinance, a copy of which is attached to the complaint as Exhibit 3, states:

> General prohibition. It shall be unlawful for any person to create, assist in creating, permit, continue or permit the continuance of any unreasonably loud, disturbing, unusual or unnecessary noise which annoys, disturbs, injures, or endangers the comfort, repose, health, peace, or safety of others within the limits of the City of Pontiac. The time, location, and duration of the noise shall be considered by the enforcing officer to determine if the noise is unreasonable.

present." Plaintiff, who had stopped for gas, "had the driver's side window of his motor vehicle open, audibly playing the song . . . from the interior stereo." Compl. ¶ 16. In December 2018, the matter was tried to a jury and plaintiff was acquitted. *Id.* ¶ 27. Plaintiff alleges that the trial "was a fraudulent sham" because he was charged with a misdemeanor, although violating the noise ordinance is a civil infraction. *Id.* ¶¶ 24-25, 28.

In Count One, plaintiff claims that Slosson ticketed him in retaliation for exercising his First Amendment rights "by detaining Plaintiff Webb and his motor vehicle in the BP Gas Station parking lot for playing music unflattering to law enforcement." *Id.* ¶ 32. In Count Two, plaintiff claims that Slosson violated his Fourth Amendment rights "by detaining and seizing him, without probable cause to believe a traffic violation had occurred or reasonable suspicion that criminal activity was afoot." *Id.* ¶ 41. In Count Three, plaintiff claims that Slosson falsely arrested him because he "lacked probable cause for the arrest because in his mind, the facts and circumstances would not be sufficient to warrant a prudent person believing Webb had committed or was about to commit a crime when the charged offense amounted to a civil infraction punishable only by a $50 fine and costs." *Id.* ¶ 48. In Count Four, plaintiff claims that Slosson falsely imprisoned him by "wrongfully institut[ing] legal process against Webb for an offense that was not criminal" and "confin[ing] Webb without probable cause, consent, or authority of law." *Id.* ¶¶ 53, 55. In Count Five, plaintiff claims that Slosson maliciously prosecuted him by "participat[ing] in the decision to prosecute by misleading the trial court and municipal prosecutor with false statements that violation of local noise ordinance 58-203 is a criminal offense punishable by jail as a misdemeanor, when in fact it is a civil infraction" and by initiating such a charge without probable cause. *Id.* ¶¶ 63-64. And in Counts

Six and Seven, plaintiff seeks a declaration that the noise ordinance is void for vagueness and overbreadth. *Id.* ¶¶ 72-87.

In the motion now before the Court, defendant City of Pontiac ("defendant") seeks the dismissal of Counts Six and Seven. Defendant's motion makes a number of arguments, but the Court finds the first to be persuasive and dispositive, namely, that the ordinance's constitutionality has been litigated in state court, and therefore plaintiff is collaterally estopped from relitigating this issue. Attached to defendant's motion as Exhibit 1 is a copy of a motion to dismiss filed by plaintiff in Michigan's 50th District Court, where he was prosecuted. In that motion, plaintiff made the same arguments as he makes in the instant case in Counts Six and Seven: "This ordinance is unconstitutional as written because it is vague and overbroad." Webb's Mot. to Dismiss ¶ 7; Webb's Mot. and Br. to Dismiss at 3-10. Plaintiff repeated these arguments in an amended motion to dismiss, a copy of which is included within defendant's Exhibit 1. The state district judge heard oral argument on plaintiff's motion approximately three weeks before trial. A copy of the hearing transcript is attached to defendant's motion as Exhibit 2. After hearing lengthy argument from counsel for both sides, the district judge ruled that the City of Pontiac's noise ordinance is "very constitutional. It is not broad. It's not vague. . . . I deny your Motion to dismiss on that the [sic] ordinance is vague, broad, abused; . . . I think it's a well-written ordinance and it, it stands constitutional mustard" [sic]. Def.'s Mot. Ex. 2, Tr. at 17, 19.

The Sixth Circuit has stated:

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal courts to give state court judgments the same preclusive effect that the state would afford such judgments. *Exxon Mobil*, 125 S.Ct. at 1527 (quoting *Parsons Steel, Inc. v. First Alabama*

> *Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). Michigan has three requirements for collateral estoppel: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004) (alteration in the original) (quoting *Storey v. Meijer, Inc.*, 431 Mich. 368, 429 N.W.2d 169, 172 n.3 (1988)). With respect to the third requirement, Michigan allows the defensive use of collateral estoppel against a prior plaintiff. *Id*. at 850-51.

*McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006).

In the present case, plaintiff is collaterally estopped from relitigating the constitutionality of the City of Pontiac's noise ordinance because this is an issue that was essential to the state court's judgment, the issue was actually litigated and determined, plaintiff was a party to the prior action, and plaintiff had a full and fair opportunity to litigate the issue.

Plaintiff's efforts to avoid this result are unavailing. Plaintiff argues that the constitutionality of the ordinance was not essential to the state court's judgment. But the fact of the matter is that plaintiff made the issue essential by raising it. Once plaintiff brought the alleged unconstitutionality of the ordinance to the state court's attention, that court had no choice but to rule on the issue. And plainly the issue was essential because the matter could not have proceeded unless the court found, as it did, that the ordinance was constitutional. Conversely, the district judge would have had to dismiss the charges if she had found the ordinance unconstitutional, as such a finding would have eliminated the basis for the charge. Either way, the state court's ruling on the constitutionality of the ordinance was essential to that court's judgment.

Plaintiff also argues that collateral estoppel does not apply in this instance

because the constitutionality of the ordinance is an issue of law, not fact. But the Supreme Court has held that the collateral estoppel doctrine applies not only to issues of fact, but also to issues of law that were decided in the prior proceeding. *See New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) (noting that "[i]ssue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment"). As collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation," *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979), it makes no difference whether the previously decided issue was factual or legal in nature.

Plaintiff also argues that he did not have a full and fair opportunity to litigate the constitutionality of the ordinance because, since he was acquitted, he had no right to appeal. Here plaintiff cites *Monat*, 469 Mich. at 685, where the Michigan Supreme Court indicated that collateral estoppel does not apply if "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." But plaintiff overlooks the fact that he could have obtained review of the district judge's decision denying his motion to dismiss by filing an interlocutory appeal, a common practice in Michigan courts to challenge a district judge's pretrial rulings. *See* Mich. Comp. Laws § 600.8342. Plaintiff, having foregone this opportunity to obtain review by the circuit court of the district judge's rejection of his constitutional challenge to the noise ordinance, cannot be heard now to complain that he had no such opportunity.

Finally, citing *Young v. Detroit City Clerk*, 389 Mich. 333, 338 (1973), plaintiff

argues that collateral estoppel should not be applied "if injustice would result." Pl.'s Br. at 9. The issue in *Young* was res judicata, not collateral estoppel, and the reason for the "injustice" exception is to allow for flexibility for changed circumstances and the passage of time and "to avoid inequitable administration of the laws." *Young*, 389 Mich. at 340. In addition to the present case involving issue preclusion, not claim preclusion, *Young* is further distinguishable from the present case because plaintiff has identified no "injustice" that might flow from giving preclusive effect to the state court's ruling. There has been no appreciable passage of time or changed circumstances since plaintiff was charged with violating the ordinance, and he has shown no inequitable administration of the ordinance that might result unless he is permitted to relitigate its constitutionality. In short, the injustice exception recognized by *Young* does not apply.

For these reasons, the Court concludes that plaintiff is collaterally estopped from relitigating the constitutionality of the City of Pontiac's noise ordinance. Accordingly,

IT IS ORDERED that defendant's motion to dismiss Counts Six and Seven is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: July 22, 2020          SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan